UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MADALYN DUCHENE and PATRICIA KRYZA, | Case No. 13-15049 |
| Plaintiffs, | SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | |
| STRAWBERRY FIELDS, INC., | MAGISTRATE JUDGE DAVID R. GRAND |
| Defendant. | |

_____/

**ORDER AFFIRMING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER [40]; GRANTING PLAINTIFFS' MOTION TO WITHDRAW ADMISSIONS [22]; AND DENYING AS MOOT DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT [15, 16]**

Plaintiffs claim that Defendant, their former employer, illegally withheld overtime pay and terminated Plaintiff Duchene in retaliation for her resulting complaints. Plaintiffs failed to timely respond to Defendant's requests for admission under Federal Rule of Civil Procedure 36, thereby admitting disputed facts central to their claims. On June 24, 2014, Defendant filed Motions for Partial Summary Judgment [15, 16] against both Plaintiffs, seeking relief solely on the basis of their admissions. On July 7, 2014, Plaintiffs filed a Motion to Withdraw

1

Admissions [22], which the Magistrate Judge denied in an Order [39] issued September 5, 2014. Plaintiffs filed an Objection [40] to the Magistrate Judge's order on September 19, 2014, and Defendant filed a Response [41] on October 3, 2014.

For the reasons stated below, Plaintiffs' Objection to the Magistrate Judge's Order [40] is **AFFIRMED** and Plaintiffs' Motion to Withdraw Admissions [22] is **GRANTED**. Defendant's Motions for Partial Summary Judgment [15, 16] are accordingly **DENIED AS MOOT**.

## FACTUAL BACKGROUND

Plaintiffs brought this action against Defendant, their former employer, on December 11, 2013. Plaintiffs claim that Defendant failed to compensate them for hours they worked in excess of forty hours per week, in violation of the Fair Labor Standards Act of 1938 (FLSA). Plaintiff Duchene further claims that Defendant unlawfully terminated her in retaliation for complaining about her withheld overtime pay.

On May 9, 2014, Defendant served Plaintiffs with requests for admission under Federal Rule of Civil Procedure 36. Plaintiffs did not respond to these requests for admission within thirty days. On June 24, 2014, Defendant filed

Motions for Partial Summary Judgment [15, 16] against both Plaintiffs.[1] In these motions, Defendant argues that Plaintiffs admitted key facts by failing to timely respond to Defendant's requests for admission. For instance, Defendant argues that Plaintiffs admitted that they worked no hours beyond those recorded on time cards submitted by Defendant; that they were paid at hourly rates asserted by Defendant; and that Plaintiff Duchene was terminated for non-retaliatory reasons. Accordingly, Defendant asks the Court to dismiss Plaintiff Duchene's retaliation claim and limit Plaintiffs' FLSA claim to any unpaid compensation (at the admitted rate) for overtime hours *recorded in the time cards*.

Plaintiffs provided Defendant with responses to its requests for admission on June 26, 2014—eighteen days after the expiration of the thirty-day deadline. On July 7, 2014, Plaintiffs filed a Motion to Withdraw Admissions [22]. Defendant filed a Response [27] on July 21, 2014. On September 5, 2014, the Magistrate Judge issued an Order [39] denying Plaintiffs' motion. Plaintiffs filed an Objection [40] to the Magistrate Judge's order on September 19, 2014, and Defendant filed a Response [41] on October 3, 2014.

---

[1] Plaintiffs filed Responses [23, 24] on July 7, 2014, and Defendant filed Replies [28, 29] on July 21, 2014.

## ANALYSIS

A district court may set aside a magistrate judge's order on a nondispositive pretrial matter if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Under Federal Rule of Civil Procedure 36(a)(3), if a party fails to respond to requests for admission within thirty days after being served, the party has admitted the matters at issue in the requests. However, a court may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. PROC. 36(b).

Plaintiffs object to the Magistrate Judge's Order Denying Plaintiffs' Motion to Withdraw Admissions [39]. In that order, the Magistrate Judge concluded, first, that withdrawal of Plaintiffs' admissions would not promote the presentation of the merits. The Magistrate Judge reasoned that, as evidenced by the fact that Defendant has moved only for "partial" summary judgment, "Plaintiffs' admissions do not eliminate their FLSA claims but, rather, merely constrain and limit them in some respects." The Magistrate Judge did not mention the fact that Defendant has moved for dismissal of Plaintiff Duchene's retaliation claim in its

entirety, instead merely noting that Plaintiffs do not specifically address the retaliation claim in their motion.

With respect to the second Rule 36(b) factor, the Magistrate Judge concluded that withdrawal of Plaintiffs' admissions would prejudice Defendant by potentially requiring Defendant to "take additional depositions, re-depose Plaintiffs, and/or review hours of surveillance video footage just to confirm facts that have already been deemed admitted." The Magistrate Judge acknowledged that "consideration of the Rule 36(b) factors alone might present a close call." However, emphasizing that a court's decision to permit withdrawal of admissions is always discretionary, the Magistrate Judge concluded that the Court should exercise its discretion against Plaintiffs on account of their conduct—namely, their failure to provide an excuse for missing the thirty-day deadline.

The Magistrate Judge clearly erred in concluding that withdrawal of Plaintiffs' admissions would not promote the presentation of the merits. As Defendant itself argues in its Motions for Partial Summary Judgment [15, 16], Plaintiffs' admissions concern factual disputes at the heart of their claims. Indeed, Defendant argues that Plaintiff Duchene's admissions compel dismissal of her retaliation claim in its entirety. With respect to Plaintiffs' FLSA claim, Plaintiffs have alleged several facts suggesting their time cards inaccurately reflect their

5

working hours: Plaintiffs allege that they were instructed not to record hours they worked in excess of forty hours per week; that they were forbidden to record hours they spent in attendance at mandatory company meetings; and that Defendant altered at least one time card to remove hours. These allegations cannot be heard on the merits if Plaintiffs are bound to an admission that the time cards accurately reflect the hours Plaintiffs worked.[2] In sum, if Plaintiffs are not permitted to withdraw their admissions, this case may be resolved nearly entirely on the basis of a discovery deadline, rather on the merits. The first Rule 36(b) factor favors withdrawal because "upholding the admission[s] would practically eliminate any presentation on the merits of the case." *Clark v. Johnston*, 413 Fed. Appx. 804, 818 (6th Cir. Jan. 25, 2011) (unpublished) (quoting *Riley v. Kurtz,* 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (unpublished)).

The Magistrate Judge also clearly erred in finding that withdrawal of Plaintiffs' admissions would prejudice Defendant within the meaning of Rule 36(b). It is true if that if Plaintiffs are allowed to present evidence supporting the

---

[2] Defendant suggests that the Court should preemptively evaluate the evidence supporting Plaintiffs' factual allegations, judge the allegations unlikely to be proven even if Plaintiffs are allowed to withdraw their admissions, and deny Plaintiffs' request to withdraw their admissions for that reason. In other words, Defendant suggests that the question is *to what extent* withdrawal of Plaintiffs' admissions will help them *succeed* on the merits. Rule 36(b), however, permits withdrawal if it would aid in the *presentation* of the merits.

6

factual allegations they unwittingly forfeited, Defendant may feel obliged to conduct additional discovery to gather conflicting evidence. However, prejudice is not established under Rule 36(b) simply because "the party who initially obtained the admission will now have to convince the factfinder of its truth." *Clark*, 413 Fed. Appx. at 818 (quoting *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir. 1997)). Rather, prejudice "relates to *special* difficulties a party may face caused by a sudden need to obtain evidence." *Id.* (emphasis added). For instance, in *Riley v. Kurtz* the Sixth Circuit found that withdrawal of an admission would have prejudiced a party because the party had foregone depositions in reliance on the admission and had finished presenting evidence at trial before the withdrawal was sought. 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (unpublished). In contrast, the Sixth Circuit held in *Clark* that withdrawal of responses under Rule 36(b) did not prejudice a party in part because, if the party's claims had survived summary judgment, he would have had time to conduct additional discovery post-withdrawal. 413 Fed. Appx. at 818–19.

Here, Plaintiffs sought to withdraw their admissions a mere eighteen days after they were made, well before trial and even the close of discovery. In fact, Defendant deposed Plaintiffs before the Magistrate Judge decided that their admissions should remain binding. Defendant cites Plaintiffs' deposition

7

testimony—in addition to their (belated) responses to its requests for admission—to preemptively argue the merits in its Response to Plaintiffs' Objection [41]. Defendant may wish to conduct additional discovery to supplement these arguments, and it will have the opportunity to do so. That is not prejudice, but merely the burden of "convinc[ing] the factfinder of the [withdrawn admissions'] truth." *Clark*, 413 Fed. Appx. at 818 (quoting *Kerry Steel*, 106 F.3d at 154).

The Court concludes that the two Rule 36(b) factors favor withdrawal of Plaintiffs' admissions—it is not the "close call" suggested by the Magistrate Judge. The Court acknowledges that Plaintiffs have failed to provide an excuse for their tardiness in replying to Defendant's requests for admission. Though the Court does not condone Plaintiffs' unexcused failure to meet a discovery deadline, the Court considers it inappropriate to bind them to their admissions—all but precluding consideration of the merits of their claims—as punishment for a minor discovery infraction. This is particularly true given that Defendant's conduct in the discovery process does not appear blameless; Defendant failed to timely respond to Plaintiffs' initial interrogatories and requests for production and further failed to respond to Plaintiffs' resulting Motion to Compel [12], prompting the Magistrate Judge to issue an Order [14] directing Defendant to respond. The regrettable fact is that discovery rarely proceeds as smoothly and amicably as it should. Only

egregious abuses of the discovery process, however, should be allowed to preclude consideration of the merits to the extent that Plaintiffs' admissions threaten to do.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' Objection to the Magistrate Judge's Order [40] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Withdraw Admissions [22] is **GRANTED**. Plaintiffs' June 2014 responses to Defendant's requests for admission shall be treated as if they were timely.

**IT IS FUTHER ORDERED** that Defendant's Motions for Partial Summary Judgment [15, 16] on the basis of Plaintiffs' admissions are **DENIED AS MOOT**.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 23, 2014            Senior United States District Judge